BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
General Crimes Section
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorney
Transnational Organized Crime Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4962/0813
    Facsimile: (213) 894-0141
    E-mail:   clifford.mpare@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>JONATHAN LIPMAN,<br><br>      Defendant. | No. CR 23-00491-FLA<br><br>GOVERNMENT'S PROPOSED VOIR DIRE<br><br>Trial Date: May 13, 2025<br>Location:   Courtroom of the Hon.<br>                 Fernando Aenlle-Rocha |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Clifford D. Mpare and Daniel H. Weiner, respectfully requests that the Court

//

//

1

1  ask the prospective jurors the attached questions during voir dire,
2  in addition to the Court's standard voir dire questions.
3
4  Dated: May 5, 2025                    Respectfully submitted,
5
                                         BILAL A. ESSAYLI
6                                        United States Attorney

7                                        LINDSEY GREER DOTSON
                                         Assistant United States Attorney
8                                        Chief, Criminal Division

9                                               /s/
                                         _____
10                                       CLIFFORD D. MPARE
                                         DANIEL H. WEINER
11                                       Assistant United States Attorneys

12                                       Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GOVERNMENT'S PROPOSED VOIR DIRE**

**I. PRIOR EXPERIENCE WITH CRIMINAL CASES/LAW ENFORCEMENT**

1. Have you, a family member, or close personal friend ever held a job with any federal, state, or local law enforcement agency?
   a. If yes, please describe who held the position, the agency, and the time period the position was held.
   b. Is there anything about that experience that would affect your ability to be fair and objective toward either the government or the defense in your consideration of the evidence in this case?
2. Have you, a family member, or close personal friend had any experience with a government agency that would cause you to be biased for or against the government?
   a. In particular, this case was investigated, in part, by the Federal Bureau of Investigation, the Los Angeles Police Department, and the Deal Police Department in Deal, New Jersey. You may hear testimony from members of these agencies. Do you have any particular concern or problem with these law enforcement agencies or any others?
3. Do you have any negative experience or other negative feelings towards law enforcement or the United States government?
4. Has anyone on the panel or have any members of your family or any of your close friends ever been arrested or charged with a criminal offense? If so, would that affect your ability to be a fair and impartial juror?
5. Have you or anyone you know ever been the victim of stalking or cyberstalking? If so, can you please explain? (If the matter is sensitive, you may let the Judge know that you want to

|   |   |   |
|---|---|---|
| 1 |   | discuss it at sidebar.)  If the matter was investigated by law |
| 2 |   | enforcement, do you believe that you or the person you know was |
| 3 |   | treated fairly?  If not, please explain. |
| 4 | 6. | The defendant in this case is accused of sending emails and |
| 5 |   | making phone calls to stalk a judge who issued a restraining |
| 6 |   | order against him.  Is there any reason you could not fairly |
| 7 |   | apply the law regarding this crime?  Why?  Is there anything |
| 8 |   | else about the charge in this case that makes you unwilling or |
| 9 |   | reluctant to serve as a juror? |
| 10 |   | a. Have you heard anything about this case, or similar cases, |
| 11 |   | that would affect your ability to return a fair and |
| 12 |   | impartial verdict? |

**II.    GENERAL ABILITY TO SERVE AS A JUROR**

1. If you are selected as a juror in this case, you will be instructed that you must follow the law as the Court gives it to you.  Is there anyone on the panel who feels they could not convict someone of a law with which they do not agree, even if the government proves its case beyond a reasonable doubt?
2. Punishment for a crime is determined by the Court at sentencing.  Would concerns about punishment, or more generally concerns about judging another human being, keep you from being a fair and impartial juror?
3. If you are selected as a juror in this case, you will be required to deliberate with eleven other jurors.  Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussions with others?

2